UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:06CV-63-M**

**MICHAEL JAMES MEZO**                                                             **PETITIONER**

**VS.**

**DANNY BOOHER, JAILER**                                               **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DN 1]. Petitioner also filed a motion to substitute a party [DN 12]. Respondent filed an answer as well as a motion to dismiss and a motion for summary judgment [DN 14, DN 15]. This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) & (B). This matter now comes before the Court upon the Findings of Facts, Conclusions of Law and Recommendation of the United States Magistrate Judge E. Robert Goebel to dismiss the Petitioner's writ of habeas corpus [DN 17]. Petitioner objects to the Magistrate's Findings of Fact, Conclusions of Law and Recommendation [DN 18]. Fully briefed, this matter is ripe for decision.

Petitioner argues that the Magistrate erred in concluding that Petitioner's speedy trial rights were not violated. The Sixth Amendment to the Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The Supreme Court has articulated four factors that must be balanced in a speedy trial analysis: (1) the duration of the delay, (2) reason for delay, (3) defendant's assertion of the right, and

(4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Schreane, 331 F.3d 548, 553 (6th Cir.), cert. denied, 540 U.S. 973 (2003); United States v. Morin, 308 F. Supp. 2d 835, 839 (M.D. Tenn. 2003). "The length of delay is a threshold requirement." Maples v. Stegall, 427 F.3d 1020, 1025 (6th Cir. 2005). "A delay approaching one year is presumptively prejudicial and triggers application of the remaining three factors." Id. at 1026. However, "none of these four factors is 'either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant.'" Morin, 308 F. Supp.2d at 839 (quoting Barker, 407 U.S. at 533). If a constitutional speedy trial violation exists, the indictment against the defendant must be dismissed with prejudice. Barker, 407 U.S. at 522.

In the present case, the Magistrate determined that the length of the delay between Mezo's indictment, November 5, 2002, and entry of his plea, May 19, 2004, was approximately 19 months. This finding is consistent with Maples v. Stegall, 427 F.3d 1020 (6th Cir. 2005), in which the Sixth Circuit held that in determining whether a defendant's Constitutional right to a speedy trial has been violated, "[t]he length of the delay is measured from the date of the indictment or the date of the arrest, whichever is earlier." Id. at 1026 (citing United States v. Marion, 404 U.S. 307 (1971)). Since the delay exceeded one year, the Magistrate deemed it presumptively prejudicial and examined the three remaining Barker factors. Id.

Petitioner argues that the Magistrate erred in concluding that Petitioner's speedy trial

2

rights did not attach until he was indicted in November of 2002. Petitioner maintains that he was officially accused on September 28, 2001, when Union County law enforcement became aware of his identity. Further, Petitioner argues that the evidence clearly shows that there were outstanding "John Doe" warrants for Petitioner on September 28, 2001 and "a criminal complaint and arrest warrant filed against Petitioner shortly thereafter." (Petitioner's Objection at 1-2; Petition for Writ of Habeas Corpus at Exhibit K.) Petitioner cites United States v. Robinson, 455 F.3d 602 (6th Cir. 2006), cert. denied, 127 S.Ct. 1338 (2007), in support of his position that the right to a speedy trial attaches at the time of the filing of a criminal complaint. In examining the length of delay in Robinson, the Sixth Circuit considered the delay between the filing of a federal complaint (as opposed to the later filed indictment) and the ruling by the district court on a motion to dismiss. Id. at 607. See also Doggett v. United States, 505 U.S. 647, 655 (1992)("Once triggered by arrest, indictment, **or other official accusation**, however, the speedy trial enquiry must weigh the effect of delay on the accused's defense just as it has to weigh any other form of prejudice that *Barker* recognized." Id. at 655 (emphasis added)).

     The criminal complaint in support of the arrest warrant that is attached to Mezo's Petition (Exhibit K) does not contain a date or a signature by a judge, a trial commissioner, or an authorized circuit court clerk. KRS § 15.725(5). Thus, the Court cannot tell if the arrest warrant was actually issued. Nevertheless, assuming the length of the delay was 31 months as argued by the Defendant instead of 19 months, the Court, as did the Magistrate, would find that the length of the delay was presumptively prejudicial and address the three

remaining <u>Barker</u> factors. Based upon the reasons articulated by the Magistrate, the Court holds that the cumulative effect of the pretrial delay, viewed under all the factors set forth in <u>Barker</u>, falls short of establishing a Sixth Amendment violation.

With respect to the Petitioner's remaining objections, the Court adopts the Findings of Fact and Conclusions of Law as set forth in the Report submitted by the Magistrate.

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Court adopts the Findings of Fact and Conclusions of Law as set forth in the report submitted by the United States Magistrate Judge and Petitioner's Petition for Writ of Habeas Corpus is **DENIED**. **IT IS FURTHER ORDERED** that a Certification of Appealability is **DENIED** as to each claim asserted in the Petition. The Court deems **MOOT** all other pending motions.

cc: counsel of record